IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SHEREE T WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA; ) <br> UNITED STATES POSTAL SERVICE; and ) <br> RICKY CHARLES WHITAKER ) <br> Defendants. ) <br> ) | Case No. <br><br><br> **COMPLAINT AND** <br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Sheree Williams, for her cause of action against the United States Postal Service, and Ricky Charles Whitaker, states and alleges as follows:

### NATURE OF ACTION

This is an action for money damages for personal injuries arising from the negligent or wrongful acts of Defendants, through its agency the United States Postal Service ("USPS") and a USPS employee, Ricky Charles Whitaker ("Employee"), who was acting within the scope of his employment on December 29, 2015, when Employee's USPS truck bearing MN license plate number 3301110 (the "Truck")

1

crashed into a vehicle driven by Plaintiff. As a result of the collision, Plaintiff suffered severe and permanent injuries

## JURISDICTION AND VENUE

1. Jurisdiction is founded under the Federal Tort Claims Act, 28 U.S.C. Section 1346(b).

> (a) Defendant, the United States Postal Service, is a federal agency governed by the laws and statutes of the United States of America.
>
> (b) The matter in controversy does exceed, exclusive of interest and costs, the sum of Seventy-Five Thousand ($75,000.00) Dollars.
>
> (c) On March 17, 2017, not more than six (6) months prior to the filing of this action, the claims set forth herein were denied by the United States Postal Service.

2. Defendant, Ricky Charles Whitaker, is a USPS Employee that committed the alleged cause of action while was acting within the scope of his employment of the United States Federal Government.

## THE PARTIES

3.     Plaintiff, Sheree Williams, is a citizen of the United States and a resident of the State of Minnesota.

4. Defendant, United States of America, is a sovereign nation. The federal government maintains and operates multiple agencies on its behalf. At all times material, the USPS was an agency of the United States of America.

5. Defendant, USPS, is a federal government agency maintaining a place of business in Olmsted County, Minnesota.

6. At all times material, Defendant, Ricky Charles Whitaker, was an employee of the USPS.

7. At all times material hereto, defendant, USPS, by and through its agents, servants, workpersons, employees and/or other representatives, acted on behalf of defendant, United States of America, and with the full knowledge, consent and authority of defendant, United States of America.

8. At all times material hereto, Defendants acted and/or failed to act by and through their agents, servants, workpersons and/or employees, who acted within the scope of their employment and within the scope of their authority with said Defendants.

## COUNT ONE

### NEGLIGENCE

9. On December 29, 2015, Plaintiff Sheree Williams ("Williams") was the owner and operator of a green 2003 Ford Windstar bearing Minnesota license plate 682HDG.

10. On December 29, 2015, defendant Ricky Charles Whitaker ("Employee") was operating a white 1993 United States Postal Service Truck.

11. On December 29, 2015, and at all material times, Defendant, through its agency the USPS, owned, operated, controlled, and maintained the Truck.

12. On December 29, 2015, and at all material times, Employee was acting within the scope and in furtherance of his employment by the USPS.

13. On December 29, 2015, Employee was operating the Truck with the permission and at the direction of and within the scope of his office or employment by the USPS.

14. On December 29, 2015, and at all material times, the intersection of Civic Center Drive NW and 11th Avenue NW in Rochester, Olmsted County, Minnesota was a public thoroughfare.

15. On December 29, 2015, at or about 11:00 a.m., Williams was stopped in the northbound lane of 11th Avenue NW waiting at the red light.

16. At that same time, Employee was driving the USPS vehicle northbound on 11th Avenue NW.

17. When Employee neared the intersection he failed to stop and collided into the back of Williams' vehicle.

18. Following the collision, the Rochester Police Department issued a citation for duty to drive with due care.

19. At all times material, Whitaker owed a duty to exercise reasonable care in the ownership, operation and use of his vehicle for the benefit of other individuals on public roadways.

20. Employee breached his duty of care to other individuals on the above-described public roadways, and in particular to Williams, as he was negligent and careless in the ownership and operation of his vehicle by operating his vehicle in a careless and reckless manner.

21. As a direct and proximate result of Employee's negligence as alleged, Plaintiff Williams sustained severe injuries to her mind and body, including but not limited to injuries to her neck and back, a torn trapezius, and bulging back disks, some of which are permanent, and has caused, and will in the future continue to cause the Plaintiff to suffer mental and physical pain, mental distress, embarrassment, disfigurement, and disability.

22. In an attempt to alleviate and cure her injuries Plaintiff has incurred, and will in the future continue to incur, collision-related medical expenses for her care and treatment, the exact amount of which cannot be fully ascertained at this time; Plaintiff has incurred, and will in the future continue to incur, collision-related wage loss and a loss of earning capacity, the exact amount of which cannot be fully ascertained at this time; Plaintiff has incurred collision-related property damage losses; all to Plaintiff's damage in an amount to be proven at the time of trial in excess of $75,000.00.

## COUNT TWO

## NEGLIGENCE PER SE

23. Plaintiff re-alleges and incorporates the foregoing paragraphs as if set out fully herein, and further states and alleges as follows:

24. Minn. Stat. §§ 169.13, 169.14 and 169.18 are statutes enacted for the public safety, and violation thereof is, therefore, negligence per se.

25. Defendant Whitaker violated Minn. Stat. § 169.13 by operating his vehicle in a negligent and careless manner under the circumstances in order to avoid a collision with Plaintiff's vehicle.

26. Defendant Whitaker violated Minn. Stat. § 169.14, Subd. 1 and 2 by operating his vehicle in a reckless and careless manner in disregard for the rights and safety of Plaintiff.

27. As a direct and proximate result of Employee's negligence per se as alleged, Williams suffered the injuries and damages set-forth in Paragraph 21 of this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants United States Postal Office and Whitaker in favor of Plaintiff and award the following relief:

 1. Compensatory and other damages to Plaintiff in an amount to be determined at trial in excess of $75,000.00;

2. Prejudgment and post judgment interest as provided by law;

3. Attorney's fees, expenses, and costs of this action as provided by law; and

4. Such further relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims so triable in this action.

Dated: September 11, 2017                MESHBESHER & SPENCE, LTD.

By _/s/ Andrew Davick_
Andrew Davick, #332719
2001 Second Street SW, Ste 105
Rochester, MN 55902
Telephone: (507) 280-8090
Facsimile: (507-280-0807
adavick@meshbesher.com
Attorney for the Plaintiff